UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DON BENNY ANDERSON,            )
                               )
        Plaintiff,             )
                               )
    v.                         )   Case No. 06-1045
                               )
UNITED STATES OF AMERICA,      )
                               )
        Defendant.             )

## O R D E R

This matter is now before the Court on Anderson's Motion for Writ of Error Coram Nobis.  For the reasons set forth below, the Motion is construed as an untimely and successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and is dismissed for lack of jurisdiction.

**Background**

In 1983, Defendant, Don Benny Anderson ("Anderson"), was convicted on two counts of violating the Hobbs Act, 18 U.S.C. § 1951, in the United States District Court for the Sourthern District of Illinois. He was sentenced to 30 years' imprisonment, and his sentence and conviction were affirmed on appeal.

In March 1994, Anderson filed a Rule 35 motion seeking a reduction in his sentence. The motion was denied, and the denial was affirmed on appeal.  In 1997, he filed a § 2255 motion in the Southern District of Illinois.  The motion was stricken for failure to use the proper form, and his appeal was dismissed for lack of jurisdiction.  In April 2001, Anderson filed a motion to alter or amend judgment in the same case, which was also denied.  On February 2, 2000, he filed a § 2241 petition in this Court.  The petition was construed to be

a § 2255 motion and was transferred to the Southern District of Illinois, where it was denied, and the denial was affirmed on appeal. Another § 2255 motion attacking this conviction was filed in this District on November 7, 2001. This motion was also transferred to the Southern District of Illinois, where Anderson voluntarily dismissed the case. Anderson then filed another petition pursuant to § 2241 in this Court, which was summarily dismissed as duplicative of the §2255 motion that at that time remained pending in the Southern District of Illinois. The dismissal was affirmed by the Seventh Circuit on April 12, 2002.

On September 23, 2002, Anderson filed an Applicant for Writ of Mandamus in the Seventh Circuit that was dismissed as an unauthorized second or successive collateral attack on his conviction and warned him that continued filing of substantively frivolous applications would result in the imposition of sanctions. In 2003, Anderson filed two §2241 petitions collaterally attacking this conviction in the United States District Court for the Northern District of Texas; the petitions were denied or dismissed. On February 28, 2005, Anderson filed yet another petition for writ of habeas corpus with respect to this conviction in this District. This petition was denied in January 2006.

Anderson has now filed a Motion for Writ of Error Coram Nobis in which he attempts to collaterally challenge his conviction in the Southern District of Illinois. This Order follows.

**Discussion**

The Seventh Circuit has rejected the use of Writs of Error Coram Nobis as a means of circumventing the procedural bars imposed by motions brought pursuant to § 2255. Specifically, the Court of Appeals has held:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. See, e.g. *Owens v. Boyd*, 235 F.3d 356 (7th Cir.

- 2 -

> 2000) (application for coram nobis); *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000) (use of Rule 33 based on matters other than newly discovered evidence of innocence). Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001). Call it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004); *see also*, Cooper v. United States, 199 F.3d 898, 901 (7th Cir. 1999), *citing* In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998); Godoski v. United States, 304 F.3d 761, 1650-51 (7th Cir. 2002).

Paragraph 1 of § 2255 provides that federal prisoners claiming the right to be released based on a sentence being imposed in violation of the Constitution or federal law, lack of jurisdiction, a sentence in excess of the maximum authorized by law, or based on other collateral attacks can file a motion in the court that imposed sentence to vacate, set aside, or correct the sentence. Anderson's Motion for Writ of Error Coram Nobis alleges that fundamental error occurred in the criminal proceedings in the Southern District because the court lacked jurisdiction for a variety of reasons. Such claims are well within the coverage of ¶1 of § 2255. Thus, under the reasoning of Melton, the present filing is actually a motion under § 2255, which the Court is required to dismiss for lack of jurisdiction because Anderson has not received permission from the Seventh Circuit to commence a second or successive collateral attack[1] and also because any such petition would appear

---

[1] If this were Horne's initial post-judgment motion, the Court would need to provide Horne with a warning that the motion would be treated as a collateral attack and offer him the opportunity to withdraw or supplement it pursuant to Castro v.

- 3 -

to be untimely.

## Conclusion

For the foregoing reasons, Anderson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [#1] is DISMISSED FOR LACK OF JURISDICTION. The Motion to Expedite [#2] is DENIED AS MOOT. This matter is terminated.

ENTERED this 17th day of April, 2006.

s/ Michael M. Mihm<br>Michael M. Mihm<br>United States District Judge

---

United States, ___ U.S. ___, 124 S.Ct. 786 (2003).  However, the same requirements and concerns do not apply when the Court recharacterizes a successive collateral motion, so no such warnings are necessary.  Melton, 359 F.3d at 857.